

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

April 30, 1958

Hon. William A. Harrison
Commissioner of Insurance
State Board of Insurance
Austin, Texas

Opinion No. WW-425

Re: Are the so-called "family group" life insurance policies being submitted to the State Board of Insurance contrary to the provisions of Article 3.50, Section 4, of the Texas Insurance Code, and related questions.

Dear Mr. Harrison:

We quote from your letter requesting our opinion on the legality of family group policies and related questions, in part as follows:

"We are receiving a great number of 'family group' policies for approval to be used in Texas. These contracts provide insurance coverage for the entire family in one policy. The family group usually covered is the husband, wife, and all natural, legally adopted or step-children who have not reached their twentieth birthday. Any child born to or legally adopted by the insured after the date of issue of the policy is automatically covered by additional insurance at no increase in premium to the insured. The 'insured' under the family group policy usually refers to the husband, and all other members of the family group are provided a specific amount of term insurance. The amount of premium to be paid for the family group policy is determined by the age of the husband alone. The premium is not governed by the number of other dependents insured under the policy, and a husband with a wife and two children would pay just as much as another father with a wife and five children if the two men were the same age.

"Certain questions have been raised as to the legality of this type of policy under the present insurance laws of Texas. We respectfully request your opinion on the following questions:

"1. Article 3.50, Texas Insurance Code, specifically authorizes group insurance on certain enumerated groups. A 'family group' is not included within the enumerations of authorized groups in the statute. Section 4 of Article 3.50 provides that 'except as may be provided in this Article, it shall be unlawful to make a contract of life insurance covering a group in this state... Is the 'family group' policy contrary to this statute?"

Section 1 of Article 3.50, Texas Insurance Code, entitled "Group Life Insurance" provides that, "No policy of group life insurance shall be delivered in this State unless it conforms to one of the following descriptions:"

This Article, then, in Subsections 1 through 4 describes four types of group life insurance policies that can be issued in Texas. Subsection 1 permits a policy issued to employer; Subsection 2, a policy issued to a labor union; Subsection 3, a policy issued to incorporated city, town, village, school district, state college, university, etc.; and Subsection 4, a policy issued to a creditor.

Section 4 of Article 3.50 provides in part that, "Except as may be provided in this Article, it shall be unlawful to make a contract of life insurance covering a group in this State,..." A family group life policy such as you have described in your opinion request clearly does not fit one of the above mentioned descriptions contained in Article 3.50; however, it is our opinion that this Article was never intended to apply to a policy purchased by an individual insuring his own life and that of his family in which he has insurable interest.

This Article relates only to policies issued to a third party, such as an employer, a labor union, or a creditor, which insures under one policy a group of people who have some common characteristics. In such cases the insurance coverage is not afforded the third party. In each case, it is the common characteristic which brings the individuals together as a group for primary reasons other than that of obtaining insurance. However, under the "family group" plan the policy is issued to the husband, who is also covered in addition to the members of the family unit. The members of the family unit have not joined together in some primary task as is the case with employees, members of a labor union or debtors to a particular institution. These differences are sufficient to distinguish the "family group" plan from the plans intended to be covered by Article 3.50.

A life insurance policy can be written in Texas unless specifically prohibited by the Insurance Code; provided the policy form is approved by the State Board of Insurance as required by Article 3.42. In 1943 the Legislature amended Article 4732 of the Revised Civil Statutes of Texas of 1925 by adding thereto Section 12. Section 12 of Article 4732, now 3.44 of the Texas Insurance Code, specifically recognizes the family group policy in providing that:

"In all family group life insurance policies, there shall be included on the face of the policy the name and age of each insured; the name of the beneficiary; the maximum amount which is payable to the payee in the policy in the case of death of such insured person or persons, together with a designation of all paragraphs or provisions limiting or reducing the payment to less than the maximum provided in the policy. Regardless of what the maximum amount of said policy is or may be, any provision for payment other than the full amount of said policy, shall be clearly stated in the policy, and this provision shall apply to all such family group life insurance policies sold in this State."

Therefore, in answer to your Question No. 1, we hold that Article 3.50, of the Texas Insurance Code was not intended to apply to "family group" policies described above and since there is no direct prohibition contained in the Code against the issuance of such policies, but rather a specific recognition of such policies in Section 12 of Article 3.44, a "family group" policy such as you have described may be issued in Texas, providing, however, it meets the other applicable requirements of the Texas Insurance Code.

The second section of your request letter is quoted as follows:

"2. Article 21.21 of the Code prohibits 'unfair discrimination' in the sale of or benefits provided by life insurance. 'Unfair discrimination' is defined as making or permitting any unfair discrimination between individuals of the same class and equal expectation of life in the rates charged for any contract of life insurance or of life annuity or in the dividends or other benefits payable thereon, or in any other of the terms and conditions of such contract, and in making or permitting

any unfair discrimination between individuals of
the same class and of essentially the same hazard
in the amount of premiums, policy fees, or rates
charged for any policy or contract for accident
or health insurance, or in the benefits payable
thereunder, or in any of the terms or conditions
of such contract, or in any other manner what-
ever. As noted from the statute, it is 'unfair'
discrimination that is prohibited. In the family
group policy, family heads of the same age with
wives of the same age who have an unequal number
of children pay the same rate of premium. For
this same rate of premium, the large family can
expect more benefits. In this situation, does
the family group policy constitute 'unfair'
discrimination against the man with the fewer
children?"

You will note that this Article only forbids "un-
fair discrimination between individuals of the same class
and equal expectation of life". It does not attempt to
prohibit even "unfair discrimination" between individuals
in different classes.

From a practical standpoint, classes must be con-
strued to include individuals having similar but not
necessarily identical characteristics; otherwise, every
individual applying for life insurance would constitute a
separate class. Of course, a class cannot be arbitrary,
but must be based on defined similar characteristics which
will provide limits of demarcation to be applied in estab-
lishing the members of the class.

Under the "family group" policy, the family is in-
sured as a unit. A family unit composed of a husband age
X, wife and one child is, theoretically at least, in a
different class from a family unit composed of a husband age
X, wife and four children. The fact that both family units
pay the same premium based on the husband's age as X is
not prohibited by this Article, because this, if discrimina-
tion, is discrimination between different classes and not
discrimination between members of the same class. We hold,
in answer to your Question No. 2, therefore, that, under
the situation you have outlined in your request, it is not
unfair discrimination between individuals of the same class
and equal expectation of life, for family units with more
children to receive more benefits than another with less
children.

We continue to quote from your request letter as follows:

"3. Article 3.44 provides that 'no policy of life insurance shall be issued or delivered in this State...unless the same shall contain provisions substantially as follows:

"'...12. In all family group life insurance policies, there shall be included on the face of the policy the name and age of each insured; the name of the beneficiary; the maximum amount which is payable to the payee in the policy in the case of death of such insured person or persons, together with a designation of all paragraphs or provisions limiting or reducing the payment to less than the maximum provided in the policy. Regardless of what the maximum amount of said policy is or may be, any provision for payment other than the full amount of said policy shall be clearly stated in the policy, and this provision shall apply to all such family group life insurance policies sold in this State.'

"Some of the 'family group' policies filed for our approval make no provision for the name of the insured wife and children to be placed on the policy, although the application, which is a part of the policy, does carry the names and ages of those to be insured initially. The policy simply states that the wife and all children, whether born or unborn, shall be covered by the policy and shall have a definite fixed amount of term insurance on each year of their lives. Of course, the names and ages of children yet unborn cannot be included on the face of the family group policy, nor on the application, and no provision is made for additions of the names after birth. Is it necessary that the actual names and ages of each insured child be on the face of the policy, or is there sufficient compliance with the statute when it can be definitely ascertained from the face of the policy who all the insureds are?"

In answer to your Question No. 3, we hold that the clear and unambiguous language of Section 12 of Article 3.44 requires that the name of each person insured under a family policy, at the time the policy is issued, be evidenced on the face of such policy. A photostat of the original application of the insured, containing the names of said insured's wife and children, attached to the face of the policy and made a part

thereof, substantially complies with the requirements of this section. Naturally, it is impossible at the time of the original issuance and deliverance of said policy to place on the face of said policy the names of unborn children, or of children not yet adopted.

However, the carrier is required to attach a rider to the face of the policy containing the name and age of after-acquired children when notified by the "insured" of their birth or legal adoption. Notwithstanding this, failure of the "insured" to notify the carrier of after-acquired children, or failure of the carrier to attach the name and age of such children to the face of the policy, will not relieve the carrier of its stated liability upon the death of an after-acquired child.

We quote from the fourt section of your opinion request as follows:

"Under the 'family group' policy insurance coverage on the lives of the children is sometimes made terminate upon the child's marriage. Is such a provision legal?"

Generally speaking, a contract of life insurance is not terminated except upon the death of the insured or upon the failure to pay premiums, or in the case of term insurance, the end of a specified period of time. This policy of life insurance is a contract between the insured husband and the carrying company and insofar as it gives benefits to the dependent children, it is a third party beneficiary contract in their behalf. "Undoubtedly, the parties to an insurance contract, may make it any legal form they desire, and in the absence of statutory prohibitions, insurers may limit their liability and impose whatever conditions they please upon their obligations not inconsistent with public policy." Hatch v. Turner, 145 Tex. 17, 193 S.W. 2d 668 (1946).

Article 3.45 entitled, "Policies shall not contain certain provisions," provides in part that, "No policy of life insurance shall be issued or delivered in this State, or be issued by a life insurance company incorporated under the laws of this State, if it contains any of the following provisions:" Section 3 of that Article provides in part, "A provision for any mode of settlement at maturity of less value than the amounts issued on the face of the policy..."

The effect of a provision in the "family group" insurance policy terminating said policy as to the coverage

on a child in the event of the marriage of said child
is not in violation of this provision nor is it against
public policy.  The effect of such a provision in the
policy is to simply place a limit on the term of the insurance
coverage.  Certainly under the ruling of the Hatch v. Turner
case, supra, parties can make this type of contractual
provision which calls for a termination of the period of coverage
upon the happening of a certain specified event.  A careful
search of the applicable statutes and cases reveals no
prohibition or public policy against terminating a policy
of life insurance upon the marriage of the insured.

Therefore, in answer to your Question No. 4, we
hold that a provision in the family group policy terminating
the coverage on a child upon the marriage of the child is
not contrary nor inconsistent with the laws of the State
of Texas.

We quote the fifth section of your opinion request
as follows:

"As pointed out above, 'family group' policies
provide insurance for each member of the family
group, but only the husband or head of the family
is designated as the 'insured'.  The premium for
the policy is determined by his age, and the rights
of the other members of the family group are de-
termined by his participation in the program.
Some of the 'family group' policies provide that
the policy 'shall become void and the liability of
the company hereunder shall be limited to the
sum of the premiums paid hereon in the event of the
death of the insured from suicide.'  By such a pro-
vision, the rights of the other members are cut off
and terminated if the father commits suicide.  Is
such a provision legal?"

The answer to this quoted Section 5 of your opinion
request is based upon the same reasoning as previously set
out in your Question No. 4, and for the additional reasons
as follows:

Section 3 of Article 3.45, which generally prohibits
a policy from containing a provision which would allow any
mode of settlement at maturity of less value than the amounts
insured on the face of the policy contains this additional
proviso: "Provided, however, that any company may issue a
policy promising a benefit less than the full benefit in
case of the death of the insured by his own hand while sane

or insane,...." Under this "family group" type of insurance policy the wife and children of the "insured" are covered by term insurance. And under this type of coverage no cash values accrue to them from the payment of premiums on this policy. Therefore, a policy provision which allows termination of the "family group" policy in the event of death of the "insured" from his own hands and the return of premiums or a reduced benefit does not have the effect of confiscating any cash values accruing to the wife or children since under their coverage none accrued to them. For this reason in addition to those set out previously in answer to Question No. 4 and for the further reason that a careful search of the applicable statutes and cases reveals no prohibition nor public policy which would prohibit such a policy provision; therefore, we hold in answer to your Question No. 5 that a provision which permits the policy to become void and the liability of the company to be limited to the sum of the premiums paid in the event of the death of the insured from suicide within two years is not contrary to the established laws or the public policy of this State.

We quote from Section 6 of your opinion request as follows:

> "As pointed out above, the 'family group' policy is designed to provide a specific amount of insurance on the life of the husband, wife and children, based on the husband's age alone. The amount of insurance on the wife varies according to the difference between her age and that of her husband. If they are the same age, the wife has a specified amount, usually $1,000 of term insurance, to age 65. If she is younger than her husband, the amount of insurance on the wife will be increased, and if she is older, it will be decreased. Actuarily, a misstatement of the age of the husband could affect the amount of insurance on all dependents; it would certainly, unless specifically otherwise provided, affect the amount on the children. However, a misstatement of the wife's age alone only would affect her insurance.

> "...When the first of these family group policies was submitted for filing, this department required that the company provide for adjustment only in the amount of insurance on the life of the husband in the event of a misstatement of his age and for an adjustment only in the amount of the

wife's insurance in the event of a misstatement
of her age. There was no adjustment in the
amount of the children's insurance on account
of misstatement, either of their ages or of
their parents' ages. This position was based
on the belief that the statute cited does not
permit an adjustment in the amount of insurance
on the life of one person because of a misstate-
ment of the age of another person. However,
due to the actuarial construction of the policy
at this time, we respectfully request your opinion
as to whether the amount of insurance coverage
of one member of a family group should be
changed if there has been a misstatement of
the age of another member of the family group?"

Under this family group type of policy, the hus-
band's age is the pivot point upon which the premiums
are based and also the amount of the term insurance. The
amount of the wife's insurance varies with the difference
between her age and that of her husband in such a manner
that an understatement of her age would result in an
overstatement of the amount of insurance to which she
would equitably be entitled at her true age. Therefore, a
misstatement of the wife's age would affect her insurance
alone.

The insurance on the children normally bears a
certain ratio to the father's coverage so that their insurance
would be more or less, depending upon whether the father's
age was overstated or understated. As previously stated, the
difference between the ages of the husband and wife governs
the ratio of the wife's insurance to the husband's coverage.
Therefore, a misstatement of the age of the husband would
result in his wife's having more or less insurance, de-
pending upon whether or not the husband's age was over or
understated.

Under the decision of Hatch v. Turner, supra, and
the reasoning set out previously in answer to your Question
Nos. 4 and 5, we hold in answer to your Question No. 6 that
a provision for an adjustment in all of the insurance pro-
vided under the policy if the age of the insured husband or
his wife, or both ages, or children's ages have been misstated,
is not contrary to the established laws or public policy of
this State.

## SUMMARY

The "family group" policy as described in request is not included under the prohibition of Section 4 of Article 3.50 of the Insurance Code; does not constitute unfair discrimination under Article 21.21 of the Insurance Code; must include on the face of the policy the names of all the insureds and the insurance company is required to attach a rider to the face of the policy containing the name and age of after-born children; is not invalid because the coverage on the lives of children is terminated upon such children's marriages; is not invalid because it contains a provision which permits the policy to become void and the liability of the company limited to the premiums paid in the event of the death of the insured from suicide within two years; and is not invalid because of certain provisions for adjustment of insurance in the event of misstatement of ages.

Very truly yours,

WILL WILSON
Attorney General of Texas

By ~~Richard A. Wells~~

Richard A. Wells
Assistant

RAW:ph

APPROVED:

OPINION COMMITTEE:

Geo. P. Blackburn, Chairman

Riley Eugene Fletcher
J. Mark McLaughlin
Harris Toler

REVIEWED FOR THE ATTORNEY GENERAL
BY:
    W. V. Geppert